## COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS.

If a complaint and warrant for the search of a dwelling-house for intoxicating liquors, under Gen. Sts. *c.* 86, describe the place to be searched as " occupied by A. B. as a barn, shed and dwelling-house," a notice under § 47 is sufficient which describes the place as " the building occupied by said A. B. as a house, barn and shed."

Such a warrant sufficiently shows that it was founded upon the oath required by Gen. Sts. *c.* 86, § 43, if it states that the complaint was made on the same day, and that one of the complainants had duly sworn that he has reason to believe and does believe that intoxicating liquors, such as are mentioned in the complaint, have been illegally sold in said house within one month last past.

A notice to claimants, describing liquors which have been seized on a search warrant as contained in wooden casks, and reciting that the liquors with the vessels containing them exceed, in the judgment of the magistrate, twenty dollars in value, is a sufficient notice, under Gen. Sts. *c.* 86, § 47, to persons claiming an interest in the vessels.

COMPLAINT made under Gen. Sts. *c.* 86, § 43, for the search of a dwelling-house for intoxicating liquors. The warrant, which was dated January 17, 1863, recited that two proper persons, on the 17th of January 1863, made complaint, &c., that intoxicating liquors, to wit, " a certain quantity of gin, being about and not exceeding fifteen gallons, contained in a wooden cask," &c. were kept, &c.; and that one of the complainants " has duly made oath that he has reason to believe and doth believe that intoxicating liquors, such as are mentioned in the complaint, have been illegally sold in said house within one month last past," &c. Other matters contained in the complaint and warrant are stated in the opinion.

William Webster, by whom the liquors were alleged to have been kept, appeared as claimant, and the jury found that the liquors were kept by him as alleged. He then moved in arrest

of judgment, and the motion was overruled by *Brigham*, J. The claimant alleged exceptions.

*G. F. Verry*, for the claimant.

*Foster*, A. G., for the Commonwealth.

CHAPMAN, J. The complaint alleges that the liquors described were kept " in a certain building situate on the west side of a road leading from Cherry Valley to Worcester, and known as the Booth Bottomly Place in said Leicester, and occupied by said William Webster as a barn, shed and dwelling-house." It also makes the averments required by statute to authorize the search of a dwelling-house. The warrant conforms to the complaint in this respect. But the notice ordered by the magistrate describes it as " the building occupied by said Webster as a house, shed and barn in said Leicester." It is contended that this is a variance, particularly as the house is not called a dwelling-house. But a " house," without further description, is generally understood to be a dwelling-house. 2 Saund. 401, *n.* 2. Com. Dig. Fait, E. 4. And a house occupied by a man is generally understood to be that in which he dwells. This is the primary signification of the term. In this case, there is no fact alleged tending to show that the notice would mislead any one, and substantial certainty is all that is necessary in a notice.

The words " within one month last past," in the warrant, signify one month next before the making of the complaint.

The objection that the notice to claimants does not include the casks as well as the liquors is founded on a misconstruction of the language. Both are equally included ; and the notice is in the form prescribed by the statute.

*Exceptions and motion in arrest of judgment overruled.*